No. 25,214.

CHARLES A. LOWDER, *Appellee,* v. TRAVELERS INDEMNITY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

INSURANCE—*Diamond—Loss by Robbery—Insurer Liable for Full Amount for Which Diamond was Insured.* An insured held two policies of insurance against loss by robbery. One policy specifically covered a described diamond for a stated amount; the other covered precious stones but did not mention the diamond. Each policy provided that it did not cover articles specifically insured under any other policy and provided that there should be proportionate liability with other insurers on articles not specifically covered. The diamond was taken by robbery. *Held,* that the insurer whose policy specifically named the diamond is liable for the full amount for which the diamond was insured.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCH-INGS, judge. Opinion filed April 5, 1924. Affirmed.

*J. E. McFadden, O. Q. Claflin,* of Kansas City, *O. C. Mosman, Clay C. Rogers,* and *Paul A. Buzard,* all of Kansas City, Mo., for the appellant.

*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against it rendered on a policy of insurance against burglary, theft, larceny, or robbery from the person.

The policy sued on in this action, the one issued by the defendant, specifically insured a 2.09 carat diamond in a platinum ring to an amount not exceeding $1,500. The policy contained the following provisions:

"To indemnify the assured for all loss by burglary, theft or larceny of any of such property from within the house, building, apartment or rooms occupied by the assured (excluding porches, stables, garages and outbuildings) as described in the declarations and hereinafter called the premises, by any domestic servant or other employee of the Assured or by any other person or persons except a person whose property is covered hereby.

"The company's liability is limited as specified in the several sections of Item 8 of the declarations and subject to such limits as respects each section, the total liability of the company is limited to the total amount of insurance as stated in Section (i) of the said Item 8.

"The insurance hereunder shall not cover any articles enumerated in and specifically covered by the policy of any other insurer. The company shall not

Lowder v. Indemnity Co.

be liable for a greater proportion of any loss of or damage to articles not so enumerated and specifically covered, than the amount applicable thereto as hereby insured bears to the total amount of all valid and collectible insurance covering such loss or damage."

"Item 8.   The insurance provided by this policy and the premium therefor shall apply:

Insurance Premium.

"Section (c)   On articles separately and specifically described and insured as follows: 1 2-9/100 carat diamond in platinum ring to an amount not exceeding $1,500..................................... $32.50

"Section (g)   As provided in Endorsement No. 703 attached, $1,500..   6.75

"Section (i)   Total, $1,500......................................... $39.25"

A slip or rider attached to the policy contained the following:

"B. For all loss by robbery from such person, of money, securities, jewelry, watches, clothing and articles of personal adornment, owned by any such person; but this extension shall not apply to nor cover loss: (1) sustained by any person under the age of 18 years; (2) sustained outside the limits of the United States or Canada; (3) of articles carried as samples, or for sale, or for delivery after sale."

The effect of that slip or rider was to extend policy so as to cover loss by robbery from the person of the insured anywhere in the United States or Canada.   An additional premium of $6.75 was paid for the extended field of insurance.   Without that rider, the insurance would cover only loss by burglary, theft, or larceny from within the house, building, apartment or rooms occupied.   With that rider the policy covered loss by burglary, theft, and larceny from the house, building, apartment, or rooms occupied by the insured and covered loss by robbery from the person anywhere in the United States or Canada.

Another slip or rider appears to have been attached to the policy. That slip contained the following:

"Section (c) of Item 8 of the declaration amended to read:

"On articles separately and specifically described and insured as follows:

Insurance Premium.

2.09 Carat Diamond in Platinum Ring to an amount not exceeding $1,500 ...................................................... $32.50

THE TRAVELERS INDEMNITY COMPANY.

By L. F. BUTLER, President."

The effect of the whole policy, riders and all, was to specifically insure the diamond for $1,500 against loss by burglary, theft, or larceny from within the house, building, apartment, or rooms occupied by the insured and against loss of the diamond by robbery from the person of the insured anywhere in the United States or Canada.

The plaintiff was robbed of the diamond, worth $2,000, and of $12 in money.

He had another policy of insurance in the United States Fidelity and Guaranty Company for loss by burglary, theft, or larceny of "money and securities subject to the limits provided in Condition 3 (e) and all articles of gold, platinum, and sterling silver, plated ware, watches, precious stones, jewelry," etc. The policy of the United States Fidelity and Guaranty Company contained the following provisions:

"The insurance hereunder shall not cover any property separately valued in and specifically covered by the policy of any other insurer or company, nor shall the assured recover hereunder a larger proportion of any loss or damage (not so valued and specifically covered), than the amount applicable thereto as hereby insured bears to the total amount of all valid and collectible insurance covering such loss or damage."

"For all loss by robbery from such person and belonging to him and consisting of money, securities, jewelry, watches, clothing and articles of personal adornment."

"The insurer's liability for all loss of money and securities shall be limited to fifty dollars ($50.00)."

"The insurer's liability for all loss under this endorsement shall not exceed the sum of fifteen hundred dollars ($1,500.00), and the total liabalty of the insurer for all loss under this endorsement and the policy combined shall not exceed the sum of fifteen hundred dollars ($1,500)."

Nowhere in the policy of the United States Fidelity and Guaranty Company was the diamond mentioned. It was not specifically covered by that policy. It was specifically covered by the policy issued by the defendant, Travelers Indemnity Company. The defendant admits a liability of $1,006, but claims that under the quoted stipulation of the policy sued on, its liability is limited to a proportionate part of any loss where the property taken was specifically covered by other insurance. The provision of the policy issued by the United States Fidelity and Guaranty Company that "the insurance hereunder shall not cover any property separately valued in and specifically covered by the policy of any other insurer or company" took out of the operation of that policy insurance on the diamond. It follows that the defendant is liable for the full amount of its policy on account of loss of the diamond.

The judgment is affirmed.